UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RS&H, INC., a Florida corporation,

    Plaintiff,

v.                                                                               Case No.

THE TRAVELERS INDEMNITY
COMPANY, a Connecticut corporation,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff, RS&H, Inc. ("RS&H") sues defendant, The Travelers Indemnity Company ("Travelers") and alleges:

### Parties

1. RS&H is a Florida corporation with its principal place of business in Jacksonville, Florida. RS&H is authorized to do business in Florida and maintains offices in Florida including an office in Jacksonville, Florida.

2. Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Travelers is an insurance company licensed to transact business in Florida and maintains offices in Florida.

1

**Jurisdiction, Venue and Applicable Law**

3. This is a civil action for damages in excess of $75,000, exclusive of interest, attorneys' fees and costs and is between citizens of different states, vesting diversity of citizenship jurisdiction in this Court under 28 U.S.C. § 1332.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that Travelers is and was at all times material doing business in the Middle District of Florida through insuring residents of the Middle District such as Plaintiff, and in that the payments under a contract of insurance giving rise to this action took place in the Middle District.

5. RS&H brings this declaratory judgment action pursuant to 28 U.S.C. § 2201 as an actual controversy exists between the parties.

**General Allegations**

6. Travelers issued a commercial general liability policy to RS&H as the Named Insured with Policy No. P22O630-4711N755 for the Policy Period of 06/28/17 through 06/28/18 and Policy Limits of $1,000,000 (hereinafter "Travelers NI Policy"). A copy of the Travelers NI Policy is attached hereto as Exhibit "A".

7. Travelers issued a commercial general liability policy to Sterling Construction Company, Inc. ("Sterling") and Texas Sterling Construction ("Texas Sterling") as the Named Insured with Policy No. VTC2K-CO-2E97127A-IND-17

for the Policy Period of 03/1/17 through 03/1/18 and Policy Limits of $2,000,000 per occurrence. (hereinafter "Travelers AI Policy"). As set forth in paragraphs 12 through 13 below, RS&H is an Additional Insured under the Travelers AI Policy. A copy of the Travelers AI Policy is attached hereto as Exhibit "B".

### The Reyes/Sterling Lawsuit

8. On or about June 28, 2016, Sterling, as general contractor, entered into an agreement (the "Sterling/Hays County Contract") with Hays County, Texas ("Hayes County") as owner, for a road widening project in Hays County, Texas (the "Project"). A copy of the Sterling/Hays County Contract is attached as Exhibit "C".

9. On or about July 12, 2016, RS&H, as Construction Engineering Inspector ("CEI"), entered into an agreement (the "RS&H/County Contract") with Hayes County, as owner, for on-site inspection services in connection with the Project. A copy of the RS&H/Hays County Contract is attached as Exhibit "D".

10. Section 12 Special Conditions of the Sterling/Hays County Contract, provides as follows:

> IV.    The Construction Inspector
> **Reynolds, Smith & Hill CS (RS&H CS)**[1] is the "Construction Inspector" referred to herein and in the Contract Documents. The Construction Inspector

---

[1] Reynolds, Smith & Hills, CS Inc. or RS&H CS, was formerly a wholly owned subsidiary of RS&H and was merged into RS&H, Inc. as of December 17, 2013.

will be responsible for performing construction engineering and inspection services on the Project.

Exhibit C, Sterling/Hays County Contract, emphasis in original.

11. Pursuant to Article 3.11 of the Sterling/Hays County Contract, Sterling undertook to defend, indemnify and hold harmless RS&H as the Construction Inspector on the Project against any claims brought against it. Specifically, the contract provides:

> Article 3.11 Indemnification.  THE CONTRACTOR **SHALL DEFEND, INDEMNIFY AND HOLD HARMLESS** THE COUNTY, **THE INSPECTOR**, THE GEC AND THE ENGINEER OF RECORD AND THEIR RESPECTIVE OFFICERS, AGENTS AND EMPLOYEES, FROM AND AGAINST ALL DAMAGES, CLAIMS, LOSSES, DEMANDS, SUITS, JUDGMENTS AND COSTS, INCLUDING REASONABLE ATTORNEYS' FEES AND EXPENSES, ARISING OUT OF OR RESULTING FROM THE PERFORMANCE OF THE WORK, PROVIDED THAT ANY SUCH DAMAGE, CLAIM, LOSS, DEMAND, SUIT, JUDGMENT, COST OR EXPENSE:
>
> - **IS ATTRIBUTABLE TO BODILY INJURY, SICKNESS, DISEASE OR DEATH OF ANY PERSON INCLUDING CONTRACTOR'S EMPLOYEES AND ANY SUBCONTRACTOR'S EMPLOYEES AND ANY SUB-SUBCONTRACTOR'S EMPLOYEES**, OR TO INJURY TO OR DESTRUCTION OF TANGIBLE PROPERTY INCLUDING CONTRACTOR'S PROPERTY (OTHER THAN THE WORK ITSELF) AND THE PROPERTY OF ANY SUBCONTRACTOR OF SUB-SUBCNTRACTOR INCLUDING THE LOSS OF USE RESULTING THEREFROM; AND,
>
> - **IS CAUSED IN WHOLE OR IN PART BY ANY INTENTIONAL OR NEGLIGENT ACT OR OMISSION OF THE CONTRACTOR, ANY SUBCONTRACTOR, ANY SUB-SUBCONTRACTOR OR ANYONE DIRECTLY OR INDIRECTLY EMPLOYED BY ANY ONE OF THEM OR ANYONE FOR WHOSE ACTS ANY OF THEM MAY BE LIABLE**.

4

> IN ANY AND ALL CLAIMS AGAINST THE COUNTY, THE INSPECTOR THE GEC OR THE ENGINEER OF RECORD OR ANY OF THEIR AGENTS OR EMPLOYEES BY ANY EMPLOYEE OF THE CONTRACTOR, ANY SUBCONTRACTOR, ANY SUB-SUBCONTRACTOR, ANYONE DIRECTLY OR INDIRECTLY EMPLOYED BY ANY OF THEM, OR ANYONE FOR WHOSE ACTS ANY OF THEM MAY BE LIABLE, THE INDEMNIFICATION OBLIGATIONS UNDER THE CONTACT DOCUMENTS SHALL NOT BE LIMITED IN ANY WAY BY ANY LIMITATION ON THE AMOUNT OF TYPE OF DAMAGES, COMPENSATION, OR BENEFITS PAYABLE BY OR FOR THE CONTRACTOR OR ANY SUBCONTRACTOR OR SUB-SUBCONTRACTOR UNDER WORKERS' COMPENSATION ACTS, DIABILITY BENEFIT ACTS OR OTHER EMPLOYEE BENEFIT ACTS.

Exhibit C, Sterling/Hays County Contract, Article 3.11, emphasis supplied.

12. The Sterling/Hays County Contract also obligated Sterling to name the Construction Inspector, RS&H, as an additional insured as to all applicable insurance coverage Sterling was required to furnish by the Contract. *See* Exhibit C, Sterling/Hays County Contract, Section 12, Special Conditions, VI. Insurance, Policy Endorsements and Special Conditions (a)(1).

13. The Travelers AI Policy includes the Additional Insured Endorsement GC D6 04 08 13 Blanket Additional Insured – Automatic Status If Required By Contract which, pursuant to Sterling's obligations under the Sterling/Hays County Contract, provides additional insured coverage to RS&H for "bodily injury" or "property damage" caused by an "occurrence" within the policy period.

14. On or about May 12, 2020, RS&H was served with Plaintiffs' First Amended Petition & Request For Disclosure and on May 27, 2020 it was served

with Plaintiffs' Second Amended Petition & Request For Disclosure (the "Second Amended Petition" or "SAP") in an action styled Dionicio Reyes and Carlos Hernandez v. Sterling Construction Company, Inc., et al., Cause No. 20-0400, 453rd Judicial District, District Court, Hays County, Texas. (the "Reyes/Sterling Lawsuit"). In the Reyes/Sterling Lawsuit, copy attached as Exhibit "E", the plaintiffs have brought suit against Sterling, RS&H and others, and alleged that RS&H was negligent in the performance of its role as the safety inspector for the Project. The Reyes/Sterling Lawsuit further alleges that pursuant to its contract with Hays County, RS&H was engaged to inspect premises for safety and not for design or engineering professional services as follows:

> DEFENDANTS RS&H contracted with DEFENDANT HAYS COUNTY to manage the safety of the project and to serve as inspectors of the project as it related to safety protocols to include the work to be performed in and around the water system. DEFENDANT RS&H served as the safety inspectors pertaining to coordinating, controlling and actually and contractually the pressurized water system to be worked on workers such as Plaintiffs with responsibilities to ensure safety protocols were being followed in accordance with OSHA and industry standards. ***This role does not require specialized knowledge and skill by a registered and licensed engineer.***

(Exhibit E, SAP at ¶ 6.1, double emphasis supplied).

15. The Reyes/Sterling Lawsuit further alleges that on April 25, 2018, plaintiffs, Dionicio Reyes and Carlos Hernandez, while in the course and scope of their employment at the Project with subcontractor, DC Civil Construction,

LLC, were working in a trench when a pipe unexpectedly exploded due to high water pressure causing catastrophic injuries to both Plaintiffs. (SAP at ¶ 6.1). It is further alleged that RS&H, among other defendants, had a duty to use reasonable care to keep the premises and work area under their contractual and actual control in a safe condition, and that defendants, including RS&H, breached their duties proximately causing damages to Plaintiffs. (SAP at ¶¶ 9.1 - 9.5).

16.  RS&H's inspector was not licensed to perform, and was not performing, professional services. *See* Exhibit A attached to the Reyes/Sterling Lawsuit is the Certificate of Merit ("COM") which provides further detail as to the alleged duties and actions of defendants, including RS&H, and states that:

> ***RS&H's employee, Johnathan Garcia, is not listed as a professional registered engineer in Texas****.* It is not known if he is a registered engineer in any other state. His acts as inspector included inspection of all installed work for compliance with the requirements of the contract documents, specifications and drawings, coordination of construction activities with the city, county and utility agencies, monitoring of construction materials and submittals for compliance with contract requirements.
>
> Mr. Garcia, as RS&H's construction inspector failed to ensure the water line construction activities on the day of the incident complied with all applicable safety and industry standards.

(COM, attached hereto as Exhibit "F", pp. 4-5, double emphasis supplied).

7

17. Pursuant to Florida Statutes §627.428 and/or §86.121, RS&H is entitled to its attorneys' fees incurred in prosecuting this action.

## COUNT I

### Declaratory Judgment – Travelers NI Policy

18. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 6, 8 through 10, and 14 through 17 of this Complaint as if fully set forth in this Count.

19. The Travelers NI Policy provides coverage for "bodily injury" taking place during the policy period and caused by an "occurrence." The policy defines "occurrence" as "[a]n accident, including continuous or repeated exposure to the same general harmful conditions." "Accident" encompasses damages neither expected nor intended from the standpoint of the insured. RS&H did not expect or intend the damages alleged in the Second Amended Petition. In the Reyes/Sterling Lawsuit, the plaintiffs have alleged that their injuries occurred during the Travelers NI policy period.

20. The Travelers NI Policy contains an exclusion for bodily injury arising out of the rendering of or failure to render any professional service (the "Professional Services Exclusion"). However, as alleged in the Reyes/Sterling Lawsuit, and reiterated in the COM attached thereto, RS&H was engaged to inspect premises for safety and not for design or engineering professional

services. As such, based on the "four corners" of the Reyes/Sterling Lawsuit, the Professional Services Exclusion does not apply, and the Travelers NI Policy affords coverage to RS&H.

21. RS&H has notified Travelers of the Reyes/Sterling Lawsuit and has demanded that Travelers defend, indemnify and hold harmless RS&H in accordance with the Travelers' obligations under the Travelers NI Policy, but Travelers has denied coverage and has failed to acknowledge its obligations to RS&H under its policy.

22. As a result of Travelers' failure, RS&H has been forced to retain the undersigned law firm to which it has agreed to pay a reasonable fee to defend it in this matter and against the Reyes/Sterling Lawsuit.

23. An actual controversy exists as a result of the damages already incurred by RS&H due to Travelers' denials and failures as alleged above, and all conditions precedent to bringing and maintaining this action have been performed by RS&H or waived by Travelers or have occurred.

24. RS&H desires a judicial determination that Travelers is obligated to defend, indemnify and hold harmless RS&H against the Reyes/Sterling Lawsuit pursuant to the terms of the Travelers NI Policy. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties in connection with the Reyes/Sterling Lawsuit.

WHEREFORE, Plaintiff RS&H respectfully requests that the Court enter declaratory judgment determining the respective rights and obligations of the parties hereto with respect to Travelers' obligations for defense and indemnity under its policy on account of the Reyes/Sterling Lawsuit and that the Court enter its order determining:

  a. That there is coverage under the Travelers NI Policy for the claims asserted in the Reyes/Sterling Lawsuit;

  b. That Travelers has a duty to defend and indemnify RS&H in connection with the Reyes/Sterling Lawsuit as Travelers' obligations appear under its policy;

  c. That Travelers has a duty to reimburse RS&H for its costs and attorneys' fees incurred in defending against the Reyes/Sterling Lawsuit until such time as Travelers assumes that defense;

  d. That monetary judgment be entered in favor of RS&H in an amount sufficient to reimburse RS&H for its defense costs incurred;

  f. That RS&H be awarded its costs and attorneys' fees incurred in bringing and prosecuting this action; and

  h. That such other and further relief as the Court may deem appropriate be declared or awarded to RS&H.

## COUNT II

### Breach of Contract – Travelers NI Policy

25.  Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 6, 8 through 10, and 14 through 17 of this Complaint as if fully set forth in this Count.

26.  The Travelers NI Policy issued to RS&H affords coverage for the Reyes/Sterling Lawsuit and imposes a duty upon Travelers to defend and indemnify RS&H with respect to those claims as stated above.

27.  RS&H made written demand upon Travelers for a defense against the Reyes/Sterling Lawsuit and has otherwise complied with the terms of the Travelers NI Policy.

28.  Travelers breached its obligations to RS&H by refusing and failing to defend RS&H against the Reyes/Sterling Lawsuit and by failing to reimburse RS&H for amounts paid toward its own defense of the Reyes/Sterling Lawsuit.

29.  As a result of Travelers's breach of its duty to defend RS&H against the Reyes/Sterling Lawsuit, RS&H has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, RS&H, demands judgment against Defendant, Travelers, for damages, costs and such other and further relief as the Court may deem appropriate.

## COUNT III

### Declaratory Judgment – Travelers AI Policy

30. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 and 7 through 17 of this Complaint as if fully set forth in this Count.

31. The Travelers AI Policy provides coverage for "bodily injury" taking place during the policy period and caused by an "occurrence." The policy defines "occurrence" as "[a]n accident, including continuous or repeated exposure to the same general harmful conditions." "Accident" encompasses damages neither expected nor intended from the standpoint of the insured. RS&H did not expect or intend the damages alleged in the Second Amended Petition. In the Reyes/Sterling Lawsuit, the plaintiffs have alleged that their injuries occurred during the Travelers policy periods.

32. The Travelers AI Policy contains an exclusion for bodily injury arising out of the rendering of or failure to render any professional service (the "Professional Services Exclusion"). However, as alleged in the Reyes/Sterling Lawsuit, and reiterated in the COM attached thereto, RS&H was engaged to inspect premises for safety and not for design or engineering professional services. As such, based on the "four corners" of the Reyes/Sterling Lawsuit, the

Professional Services Exclusion does not apply, and the Travelers AI Policy affords coverage to RS&H.

33. RS&H has demanded that Travelers defend, indemnify and hold harmless RS&H in accordance with Travelers' obligations under the Travelers AI Policy, but Travelers has simply refused to provide a definitive response regarding coverage and has refused to undertake the defense. Travelers' failure is effectively a total coverage denial to its additional insured, RS&H, without any basis for said denial of coverage.

34. As a result of Travelers' failure, RS&H has been forced to retain the undersigned law firm to which it has agreed to pay a reasonable fee to defend it in this matter and against the Reyes/Sterling Lawsuit.

35. An actual controversy exists as a result of the damages already incurred by RS&H due to Travelers' denials and failures as alleged above, and all conditions precedent to bringing and maintaining this action have been performed by RS&H or waived by Travelers or have occurred.

36. RS&H desires a judicial determination that Travelers is obligated to defend, indemnify and hold harmless RS&H against the Reyes/Sterling Lawsuit pursuant to the terms of the Travelers AI Policy. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties in connection with the Reyes/Sterling Lawsuit.

WHEREFORE, Plaintiff RS&H respectfully requests that the Court enter declaratory judgment determining the respective rights and obligations of the parties hereto with respect to Travelers' obligations for defense and indemnity under its policy on account of the Reyes/Sterling Lawsuit and that the Court enter its order determining:

  a. That there is coverage under the Travelers AI Policy for the claims asserted in the Reyes/Sterling Lawsuit;

  b. That Travelers has a duty to defend and indemnify RS&H in connection with the Reyes/Sterling Lawsuit as Travelers' obligations appear under its policy;

  c. That Travelers has a duty to reimburse RS&H for its costs and attorneys' fees incurred in defending against the Reyes/Sterling Lawsuit until such time as Travelers assumes that defense;

  d. That monetary judgment be entered in favor of RS&H in an amount sufficient to reimburse RS&H for its defense costs incurred;

  f. That RS&H be awarded its costs and attorneys' fees incurred in bringing and prosecuting this action; and

  h. That such other and further relief as the Court may deem appropriate be declared or awarded to RS&H.

## COUNT IV

**Breach of Contract – Travelers AI Policy**

37. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 and 7 through 17 of this Complaint as if fully set forth in this Count.

38. The Travelers AI Policy afford coverage to RS&H for the Reyes/Sterling Lawsuit and imposes a duty upon Travelers to defend and indemnify RS&H with respect to those claims as stated above.

39. RS&H made written demand upon Travelers for a defense against the Reyes/Sterling Lawsuit and has otherwise complied with the terms of the Travelers AI Policy.

40. Travelers breached its obligations to RS&H by refusing and failing to defend RS&H against the Reyes/Sterling Lawsuit and by failing to reimburse RS&H for amounts paid toward its own defense of the Reyes/Sterling Lawsuit.

41. As a result of Travelers's breach of its duty to defend RS&H against the Reyes/Sterling Lawsuit, RS&H has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, RS&H, demands judgment against Defendant, Travelers, for damages, costs and such other and further relief as the Court may deem appropriate.

Respectfully submitted this ____ day of _____, 2023.

/ G. Kenneth Norrie
G. Kenneth Norrie
Florida Bar No. 138441
Cheryl L. Worman
Florida Bar No. 098042
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL  32207
(904) 398-3911  Telephone
(904) 396-0663  Facsimile
knorrie@rtlaw.com;
sworman@rtlaw.com

*Attorneys for Plaintiff, RS&H*